# Appeal of A. A. Johnston et al.

## A. A. Johnston's Estate.

Compensation was allowed at the rate of 4 per cent upon $88,175.24, collected by an administratrix, where the estate consisted almost wholly of money in banks and securities, as judgment notes, mortgages, and promissory notes requiring close attention, and the estate was promptly and carefully managed.

It is immaterial that the administratrix divided her commission with a stranger who acted as her agent or attorney in fact.

Cited in Wirt's Estate, 11 York Legal Record, 145.

NOTE.—Application for the revocation of letters of administration should first be made to the register of wills who granted them, upon cause shown (McCaffrey's Estate, 38 Pa. 331; Harman's Estate, 1 Lanc. L. Rev. 204; Schaufuss's Estate, 5 Kulp, 275; Comfort's Estate, 12 Pa. Co. Ct. 571; Neidig's Estate, 183 Pa. 492, 38 Atl. 1033); and not directly to the orphans' court (Sudam's Estate, 3 W. N. C. 305; Farrell's Estate, 1 W. N. C. 15; Potts's Estate, 37 Phila. Leg. Int. 182).    See, however, Somers's Estate, 2 W. N. C. 114, for the power of the latter to appoint an examiner to take testimony in such cases.

An administratrix will not be charged with interest upon moneys col-
lected within one year after grant of letters, where she or her attorney in
fact, or agent, deposited such money on call by checks, in a bank of which
such attorney was part owner, and the bank derived some profit therefrom,
the administratrix having derived none.

Petition to revoke letters of administration, on the ground that the ad-
ministratrix had appointed an agent, a debtor to the estate, and by letters
of attorney committed to him the sole management of the estate, dis-
missed, it appearing that account had been filed and referred to an auditor,
that no application to revoke had been made to the register of wills,—the
bond of administratrix being sufficient and there being no danger of injury
to the estate.

(Argued October 6, 1887.    Decided October 25, 1887.)

October Term, 1887, No. 67, W. D., before GORDON, Ch. J.,
PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Appeal from
decree of Orphans' Court of Westmoreland County confirming
the report of an auditor stating an account of an administratrix
and dismissing exceptions of appellants, heirs of decedent.
Affirmed.

The appellants claimed that accountant should be denied the
commission or compensation allowed, and that accountant
should be charged with interest upon moneys deposited in a bank
within the first year after grant of letters of administration.

The account was referred to E. E. Robbins, Esq., auditor, be-
fore whom the following facts appeared:

Letters of administration upon the estate of A. A. Johnston,
deceased, were granted to his widow, Caroline Johnston, April
16, 1885, her bond for $200,000 being signed by all the heirs
who were of age, and S. H. Baker and Reuben Baker.

S. H. Baker testified that the bond was filed in violation of
an agreement that other sureties were to sign it; and that he
and his brother were unwilling to remain on the bond if the
settlement of the estate should be given to the Barclay Brothers,
who had refused to sign as sureties.

The Messrs. Baker notified the administratrix that they
would apply to be released from the bond, but consented to re-
main if a power of attorney should be given them to settle the
estate.

April 24, 1885, a power of attorney from the administratrix
to S. H. Baker and Reuben Baker, empowering them to take

sole and complete charge and control of the estate, was made and recorded; and after the death of Reuben Baker a similar power of attorney to S. H. Baker was made and recorded May 23, 1885. Neither of these letters of attorney provide for the payment of any compensation to the attorney.

Two of the heirs, appellants, testified that Mr. Baker stated he would make no charge for his services.

It appeared that the collections for the estate were made by Mr. Baker or by the officers of the Citizens Bank, and that the commission usually charged by the bank in making bank collections was ⅛ of 1 per cent.

The accountant claimed credit in her account for time, trouble, and expense for herself and S. H. Baker, her attorney in fact, 4 per cent on $84,439.53, to wit:

Accountant ................................. $1,688.79
S. H. Baker ............................... $1,688.79

—to the allowance of which appellants objected.

The auditor allowed the commission charged, finding that the collections consisted of $53,094.30, money on deposit, and $51,-100 in judgments, mortgages, and notes; that their collection required the closest kind of attention; that nothing had been lost for lack of attention, and cited as authority: Pusey v. Clemson, 9 Serg. & R. 209; Eshleman's Appeal, 74 Pa. 45; Montgomery's Appeal, 86 Pa. 234; Re Harland, 5 Rawle, 323; McCauseland's Appeal, 38 Pa. 466; Gable's Appeal, 36 Pa. 396; Rhone, Orphans' Court Pr. p. 303.

It appeared that decedent had $46,000 on deposit at 3 per cent interest in the Barclay Bank, which S. H. Baker drew out and deposited in the Citizens Bank, of which he was a half owner; that all the other moneys of the estate were deposited in the latter bank; that no profit was derived therefrom by the administratrix; and that the Citizens Bank derived a profit by loaning balances on deposit at from 2½ to 3 per cent interest.

The accountant charged herself with $125,619.93 and claimed credits, $37,275.24.

The auditor found that during the year the administratrix paid her checks to the heirs amounting to $49,382.86. The auditor refused to surcharge accountant with interest, citing: Act of March 29, 1832, 1 Purdon's Digest, 50, pl. 207; act of

March 15, 1832, 1 Purdon's Digest, 517, pl. 53; Norris's Appeal, 71 Pa. 125; Neff's Appeal, 57 Pa. 97; Long's Estate, 6 Watts, 46; Charlton's Appeal, 34 Pa. 475, 75 Am. Dec. 673; Hoopes v. Brinton, 8 Watts, 73; Dietterich v. Heft, 5 Pa. 94; Wither's Appeal, 16 Pa. 151.

After the administratrix had filed her account, two of the appellants presented a petition for the removal of the administratrix because she had given the settlement of the estate to S. H. Baker, a debtor thereto, which the court, HUNTER, P. J., dismissed with the following opinion:

"There is no doubt that the orphans' court has power to remove executors or administrators, as proposed by counsel for the rule; but the causes for which they may be removed are designated in the statutes, and the orphans' court is but the creature of statutory law and derives its powers entirely therefrom.

"The acts of March 20, 1832, and May 1, 1861, authorize the orphans' court, for causes therein set forth, to discharge executors and administrators, but there is nothing in the petition that brings the respondent within the terms of these acts.

"The record shows that letters of administration were granted by the register to the widow. She had the first right under the act of March 15, 1832. And from this decree of the register there has been no appeal. Now the application is to revoke the letters; but what authority has this court to revoke letters upon petition simply and without appeal or any application had to the register to reconsider his decree if improvidently made? But we must also remember that the administratrix has filed her account, and that exceptions have been filed thereto by the parties here complaining. If injured, ample redress can be had in this way, which is the most direct way. These exceptions are now before an auditor, appointed for the purpose of hearing the parties in interest. We need only add that the bond is ample; and I can see no danger to the rights of the complainants.

"And now, August 30, 1886, rule discharged at the cost of petitioners."

The appellants excepted to the allowance of charges for commissions and the refusal to surcharge the administratrix with interest.

The court, HUNTER, P. J., discharged the exceptions and confirmed the auditor's report, with the following opinion:

"The widow was entitled to administration; so far as the estate is concerned, the power of attorney to S. H. Baker amounts to nothing; she and her bondsmen are responsible. To removing a portion of the funds from the bank in Greensburg to a bank in Latrobe, I see no objection. Latrobe was the nearest point for persons to whom checks may have been granted. The accountant was not required to put the money at interest; but if there was proof that the accountant profited from a deposit of the money, she would be chargeable with such profit; but there is no such proof here. Large sums of money, from time to time, are paid into court and deposited in a bank and the practice is the same elsewhere. This was especially true in the court of bankruptcy. That such banks may profit thereby may be true, but that is an advantage peculiar to the business. They have risks to run, while it is always safer to have money in a solid bank than to keep it in a bureau drawer.

"The cost of closing the estate was but 4 per cent, and by the weight of the authorities 4 per cent is not extravagant. The whole trouble here is that the accountant and her agent divided the compensation in stating her account, and without this the matter would have been stripped of question.

"The closing up of so large an estate in so short a time shows the hand of a business man, and I do not think there is any cause for complaint.

"And now, February 19, 1887, the exceptions are dismissed and the auditor's report confirmed."

Thereupon the appellants took this appeal, assigning as error the refusal of the court to revoke the letters of administration and to surcharge the accountant.

*Welty McCullogh,* for appellants.—Committing the sole management of the estate to a debtor was equivalent to a renunciation and cause for removal of the administratrix. Act of March 15, 1832, § 22, p. 140, Purdon's Digest, p. 512, pl. 29; Kellberg's Appeal, 86 Pa. 129.

The control of the estate passed into the hands of a debtor, and therefore the letters of administration were improvidently granted. Stoever v. Ludwig, 4 Serg. & R. 201; Bieber's Appeal, 11 Pa. 157; Ellmaker's Estate, 4 Watts, 34.

The rights of priority of administration are controlled by evidence of incompetence or unfitness. Hassinger's Appeal, 10 Pa. 454; Heron's Estate, 6 Phila. 86; Maloney's Estate, 5 Clark (Pa.) 139.

This estate was damaged to the extent of $1,688.79, retained by Baker as commissions; he at least is not entitled to anything for the collection of $10,000 owing by himself.

There remains to be collected $30,000, and the real work of administration is yet to be done.

The Citizens Bank, of which Baker is owner, derived a profit from the balances on deposit, and with such sum the administratrix should be surcharged.

Two uniting in administration are jointly liable. Lightcap's Appeal, 95 Pa. 456.

It is not necessary that both should sign the account. Watt's Estate, 25 Pittsb. L. J. 95.

An administrator who permits his coadministrator to use the trust funds in his private business is chargeable with interest thereon. Brown's Estate, 11 Phila. 127.

*Wentling & Miller* and *Marchand & Gaither,* for accountant, appellee.—The petition to remove is not pertinent to this appeal, having been dismissed before the auditor was appointed, and the same was not considered by the auditor.

The rate of commission was reasonable; the auditor found the services laborious and efficient; appellants do not object to the rate but to the fact that the administratrix shared her commission with her attorney.

The auditor finds that the administratrix herself charged 4 per cent; Baker charged nothing.

The accountant should not be surcharged with interest; she derived no profit; the Citizens Bank had a right to any profits on balances on deposit in its banking business; the indebtedness of Baker was paid within three months.

PER CURIAM:

The opinion of the court below, although short, so justly and properly disposes of this case that nothing remains for us but to concur in it.

Decree affirmed and appeal dismissed, at the costs of appellants.